NO. 07-05-0176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 22, 2005

______________________________

RUSSELL WAYNE PETERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 50,291,E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant, Russell Wayne Peterson, appeals his conviction for forgery of a financial instrument.  We dismiss the proceeding for lack of jurisdiction.  

The judgment from which appellant is appealing indicates that sentence was imposed on March 9, 2005.  Appellant then filed a notice of appeal on April 11, 2005. 

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed.  
Tex. R. App. P.
 26.2(a).  No motion for new trial having been filed, 
 appellant’s notice of appeal was due to be filed April 8, 2005. Because the record discloses that appellant hand delivered the notice of appeal to the clerk on April 11, 2005, Tex. R. App. P. 9.2(b), without seeking an extension of the deadline, 
Tex. R. App. P.
 26.3, the notice of appeal was late. 

A timely filed notice of appeal is essential to invoke our appellate jurisdiction.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  
Id
. at 523.  Appellant’s notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.  

It is so ordered.  

Per Curiam 

Do not publish.